# UNITED STATES DISTRICT COURT
## for the
### EASTERN DISTRICT OF WISCONSIN

*In the Matter of the Search of*

Case Number: 18 - m - 602

Information associated with Facebook account peaceful.mindllc@facebook.com that is stored at premises controlled by Facebook.

JAN – 4 2018

Stephen C. Dries, Clerk

## APPLICATION & AFFIDAVIT FOR SEARCH WARRANT

I, Matt Schmitz, a federal law enforcement officer, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property:

Information associated with Facebook account peaceful.mindllc@facebook.com that is stored at premises controlled by Facebook.

there is now concealed: **Please see attached affidavit, which is hereby incorporated by reference.**

The basis for the search warrant under Fed. R. Crim. P. 41(c) is which is (check one or more):

✓ evidence of a crime;

✓ contraband, fruits of a crime, or other items illegally possessed;

❑ property designed for use, intended for use, or used in committing a crime;

❑ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

Title 21, United States Code, Sections 841(b)(1)(C) and 843(b).

The application is based on these facts:

✓ Continued on the attached sheet, which is incorporated by reference.

❑ Delayed notice of _____ days (give exact ending date if more than 30 days:_____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

Applicant's signature

Name and Title: Matt Schmitz, U.S. Postal Inspector

Sworn to before me, and signed in my presence.

Date Jan 4 , 2018

City and state: Green Bay, Wisconsin

Judge's signature

HONORABLE JAMES R SICKEL
United States Magistrate Judge
*Name & Title of Judicial Officer*

## AFFIDAVIT

I, Matthew Schmitz, United States Postal Inspector, being duly sworn, state the following information was developed from the Affiant's personal knowledge and from information furnished to the Affiant by other law enforcement agents and business contacts:

## I. INTRODUCTION

1. I have been a Postal Inspector with the United States Postal Inspection Service for approximately 13 years and am currently assigned to the Green Bay (WI) Domicile in the Eastern District of Wisconsin. Before becoming a Postal Inspector I served as a Police Officer with the Janesville Police Department in Janesville, Wisconsin for one year and as a Police Officer and Detective with the Middleton Police Department in Middleton, Wisconsin for approximately five years. I have knowledge and experience in controlled substance investigations through training and criminal investigations while employed with the Janesville Police Department, Middleton Police Department, and United States Postal Inspection Service. As a Postal Inspector I am responsible for investigating criminal violations that involve the United States Mail and United States Postal Service. These investigations include, but are not limited to, mail theft, credit card fraud, identity theft, mail fraud, controlled substance distribution, and burglaries and robberies to United States Postal Service facilities. I have conducted and/or participated in over 250 investigations that have involved the use and/or distribution of controlled substances and have learned from these investigations that subjects responsible for distributing controlled substances commonly keep ledgers or records of their drug distribution related activities through either electronic or paper media. Many forms of electronic media such as cell phones, computers, and internet based social media accounts are used for this purpose and to communicate with individuals involved in the distribution or purchase of controlled substances.

## PURPOSE

2. I make this affidavit in support of an application for a search warrant on information contained within registered vanity Facebook account peaceful.mindllc@facebook.com that is associated with email account jason@peacefulmind.llc. This Facebook account is described herein and in Attachment A, and the information to be seized is described herein and in Attachment B.

Information related to this Facebook account is stored at premises owned, maintained, controlled, or operated by Facebook, headquartered at 1 Hacker Way, Menlo Park, California 94025. I have information to believe that Jason Felton and unknown persons have utilized Facebook to distribute controlled substances via the US Mail, in violation of Title 21, United States Code, Sections 841(b)(1)(C) and 843(b). The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other law enforcement agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this investigation.

3.  This affidavit is submitted in support of a search warrant for the message content and data held under Facebook account peaceful.mindllc@facebook.com. This account and the contents contained therein are believed to contain the evidence, fruits and instrumentalities of the foregoing violations. I am requesting authority to search Facebook account peaceful.mindllc@facebook.com and seize all items listed in Attachment B as evidence, fruit and instrumentalities of a crime. This affidavit is made in support of an application for a search warrant under 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A) to require Facebook to disclose to the government records and other information in its possession pertaining to the subscriber or customer associated with the accounts, including the contents of communications. Since this affidavit is being submitted for the limited purpose of securing a search warrant, I have set forth only the facts that I believe are necessary to establish probable cause to believe that the evidence, fruits, and instrumentalities of the violation of Title 21, United States Code, Sections 841(b)(1)(C) and 843(b) are presently located at the Facebook account registered under vanity name peaceful.mindllc@facebook.com.

## **BACKGROUND**

3.  Title 18, United States Code, Section 2703(a) provides, in part:

A).   A governmental entity may require the disclosure by a provider of electronic communication service of the contents of an electronic communication that is in electronic storage in an electronic communications system for one hundred and eighty (180) days or less, only pursuant to a warrant issued under the Federal Rules of Criminal Procedure or equivalent State warrant.  A governmental entity may require the disclosure by a provider of electronic communications services of the contents of an electronic communication that has been in electronic storage in an electronic communications system for more than one hundred and eighty days (180) by the means available under subsection (B) of this section.

B).   Title 18, United States Code, Section 2703(b) provides, in part:

   1).   A governmental entity may require a provider of remote computing service to disclose the contents of any electronic communication to which this paragraph is made applicable by paragraph (2) of this subsection

      a).   Without required notice to the subscriber or customer, if the governmental entity obtains a warrant issued under the Federal Rules of Criminal Procedure or Equivalent State warrant.

   2).   Paragraph (1) is applicable with respect to any electronic communication that is held or maintained on that service –

      a).   On behalf of, and received by means of electronic transmission from (or created by means of computer processing of communications received by means of electronic transmission from), a subscriber or customer of such remote computing service; and

      b).   Solely for the purpose of providing storage or computer processing services to such subscriber or customer, if the provider is not authorized to access the contents of any such communications for purposes of providing any services other than storage or computer processing.

C).   The government may also obtain records relating to e-mail communications, such as subscriber identifying information, by way of a search warrant. 18 U.S.C. Section 2703(c). No notice to the subscriber is required, 18 U.S.C. Section 2703(c)(2).

4.   Over the past several years individuals in the United States have begun to buy, sell, and/or ingest synthetic cannabinoids, aka synthetic marijuana, Spice, Incense, K2, potpourri. Many of these items are sold over the internet and in local retail shops and are marketed as "legal highs" and novelty items that are not to be used for human consumption in an attempt to disguise their intended purpose and circumvent federal and state controlled substance laws. Synthetic cannabinoids are man-made chemicals that are often sprayed or otherwise applied to plant material. Through my investigative experience I have learned that a common plant material used for mixing with synthetic cannabinoids is the Damiana leaf. The leaf is commonly shredded into small pieces so that the individual ingesting the synthetic cannabinoid can roll the material into a smoking joint or pipe. These substances are often marketed towards youth and young adults and, therefore, are often labeled as being flavored like cherry, blueberry, strawberry, vanilla, etc.

5.   Synthetic cannabinoids are commonly smoked in a joint or pipe and, according to the US Drug Enforcement Administration and the Office of National Drug Control Policy, users generally report physical effects similar to marijuana and adverse effects including paranoia, panic attacks, tachycardia, hallucinations, and suicidal or harmful thoughts and/or actions. From my investigative experience I have learned that users typically purchase synthetic cannabinoids in gram quantities.

6.   On July 10, 2012, President Barack Obama signed into law the Synthetic Drug Abuse Prevention Act which permanently placed 26 types of synthetic cannabinoids and cathinones in Schedule I of the Controlled Substance Act. Because synthetic cannabinoids are man-made substances some individuals involved in producing synthetic cannabinoids may slightly alter the chemical composition in order to avoid the specific federal and/or state prohibitions of a specific named synthetic cannabinoid. As a deterrent to such activity Congress established federal prohibitions against trafficking in controlled substance analogues by amending the Controlled Substances Act, 21 U.S.C. 801-971. The result was the Controlled Substance Analogue Enforcement Act of 1986

(CSAEA) which was designed to address "underground chemists who tinker with the molecular structure of controlled substances to create new drugs that are not scheduled." These new drugs are referred to as controlled substance analogues. New designer drugs are often created as alternatives to known illegal drugs because they may be marketed as being legal. The Controlled Substance Analogue Enforcement Act's purpose is to prevent the development of new drugs that are not scheduled, provide elasticity and prevent a specific listing of chemical analogues. United States v. Klecker, 348 F.3d 69 (4th Cir. 2003). Under the CSAEA, a controlled substance analogues is a substance:

a. the chemical structure of which is substantially similar to the chemical structure of a controlled substance in Schedule I or II;

b. which has a stimulant, depressant, or hallucinogenic effect on the central nervous system that is substantially similar to or greater than the stimulant, depressant, or hallucinogenic effect on the central nervous system of a controlled substance in Schedule I or II; or

c. with respect to a particular person, which such person represents or intends to have a stimulant, depressant, or hallucinogenic effect on the central nervous system that is substantially similar to or greater than the stimulant, depressant, or hallucinogenic effect on the central nervous system of a controlled substance in Schedule I or II. In other words, evidence must exist to show that the analogue was consumed by a person or was intended to be consumed by a person.


## PROBABLE CAUSE

7.   In April, 2014, I received information from a confidential source (CS) who reported that an individual believed to be in Fond du Lac, WI was selling synthetic marijuana through a Facebook page titled "Peaceful Mind LLC." CS learned of the entity Peaceful Mind LLC after an individual contacted him to report that their son had ordered synthetic marijuana from the company Peaceful Mind LLC. CS reported the Facebook page of Peaceful Mind LLC contained several photographs of sales receipts and packages from the Fond du Lac (WI) Post Office

showing the purchase of postage to send mailings. I also learned that in May, 2014, the Wisconsin Department of Justice's Division of Criminal Investigation received a tip that Jason Felton of Fond du Lac or Oshkosh, WI was selling "synthetic pot" through Facebook and a website identified as shop.peacefulmind.llc. The reporting person claimed they had friends who were "dying" or "ending up in the hospital" after using the substances purchased from Felton. I learned through queries of the Wisconsin Circuit Court Access webpage (CCAP) during the course of this investigation that Jason M Felton, date of birth February 20, 1992, has arrests since 2010 in Fond du Lac County and Winnebago County for resisting/obstructing an officer (2010 arrest in Fond du Lac County), minor transporting intoxicants in motor vehicle (2010 arrest in Fond du Lac County), manufacturing/deliver THC and manufacture/deliver non-narcotics (both felony arrests in 2011 from Winnebago County), possession of a controlled substance (2012 arrest in Fond du Lac County), and operating a motor vehicle while intoxicated (October 24, 2015 arrest in Oshkosh, WI). CCAP records listed Felton's address from the arrest on October 24, 2015, as 1342 Reed Ave, Oshkosh, WI 54901.

8.  Throughout the course of this investigation I learned through USPS records and internet queries that the entity "Peaceful Mind LLC" was associated with PO Box 653, Fond du Lac, WI 54935. I determined through USPS records that PO Box 653 was registered to Jason M Felton of 563 Evans Dr, Fond du Lac, WI 54935. I also determined through USPS records in 2014 and 2015 that Jason Felton was known to receive US Mail at 563 Evans Drive in Fond du Lac, WI 54935.

9.  On July 17, 2015, the Fond du Lac Police Department executed a trash pull at 563 Evans Drive in Fond du Lac, WI. On July 20, 2015, I met with Lake Winnebago Area Metro Drug Task Force Investigator Scott Krause and took custody of five paper bags containing items removed from the trash taken from 563 Evans Drive on July 17, 2015. I examined the contents of the five bags and found the following items:

**BAG #1:**  1.  Five (5) gallon sized Ziplock bags.

2.  One (1) silver Ziplock pouch labeled "PM Cotton Candy-56g" and containing a printed label on the back which read "NOT intended for human consumption; Does not contain any banned substances-100% 50 state legal; Manufacturer and/or distributor disclaim all responsibilities for product misuse."

3.  Two (2) sheets of white paper with a green residue.

4.  Approximately 4.8 grams of a green plant material similar in appearance to shredded Damiana (a test using the NARK II Synthetic Cannabinoids Reagent #23 field test kit was negative).

**BAG #2:**  1.  Three (3) pages of Avery 5960 labels (many labels were missing).

2.  Three (3) pages of Avery 5160 labels (many labels were missing). One page had labels printed which read, "Peaceful Mind LLC." Another page had 15 printed labels which read, "NOT intended for human consumption; Does not contain any banned substances-100% 50 state legal; Manufacturer and/or distributor disclaim all responsibilities for product misuse."

3.  Six (6) pages of 8.25" by 5.25" labels printed with "United States Postal Service" and "endicia."

4.  One (1) page date 2013 from "etsy_shipping" showing 2012 and 2013 USPS shipping rates.

5.  One (1) 8.25" by 5.25" label printed with USPS tracking number 9405 5102 0088 2617 7146 88 from "PMLLC, PO Box 653, Fond du Lac, WI 54935" and addressed to "Yvette Assaf, 610 N Walnut St, Pontiac, IL 61764." This label showed the shipping was paid through endicia.com.

6.  One (1) empty USPS package with tracking number 9400 1096 9993 9737 8946 51 that was mailed in May 2015 and weighed approximately 5 ounces. The package was addressed to "Jason Felton, 563 Evans Dr, Fond du Lac, WI 54935" and had a return

address of "David, 1223 Westwick Forest Ln, Houston, TX 77043." A search through CLEAR LEO database shows no one with the first name of "David" associated with Houston address. Rather, current occupant is listed as Kyoung Hoon Chun.

**BAG #4:** 1. One (1) torn label containing the following printed information:

"Invoice # R439770632

Peaceful Mind LLC

Order R439770632 9-05-2015

Yvette Assaf

610 N Walnut St, Pontiac, IL 61764 United States

saltine1989@yahoo.com

Weight: 4g

Scent: Pineapple

$15.99

Thank You

Question or Concerns?

973-771-5827/sales@peacefulmindllc.net"

Upper right hand corner of label shows it was printed from "onlinestore.godaddy" website.

**BAG #5:** 1. 45 adhesive strip covers similar to those that would cover the adhesive strip of an unused envelope.

As stated above in this affidavit, I have learned through my training and investigative experience that language similar to the phrase, "NOT intended for human consumption; Does not contain any banned substances-100% 50 state legal; Manufacturer and/or distributor disclaim all responsibilities for product misuse" commonly appears on containers holding synthetic cannabinoids or cathinones. The purpose of using such a phrase may vary depending on the individual preparing the packaging, but generally it is used so that the individual who is

distributing an illegal substance may claim ignorance to its prohibition or attempt to avoid state and/or federal regulations.

10. Based upon the discarded labels recovered from the trash on July 17, 2015, and identified above in Bag #2, I contacted endicia.com to gather any information they had regarding a shipping account registered to Jason Felton of Fond du Lac or the business name Peaceful Mind LLC. In July and August, 2015, I received information from endicia.com that in 2013 they had registered postage meter 875126 to Jason Felton, DBA PMLLC, at PO Box 653, Fond du Lac, WI 54935. They provided records showing that between February, 2013, and August 11, 2015, postage was purchased through this account for a total of 359 mailings. I examined the historical mailing records endicia.com provided and saw that all of the mailings associated with this account were sent to addresses across the United States. In particular, I identified one of the locations to which mailings associated with this shipping account were sent as "Michael Blount, 3451 N Kingsley Dr., Bloomington, IN 47404."

11. Based upon the aforementioned information I directed the Fond du Lac Post Office to watch for any outgoing mailings containing a return address of "PMLLC" or "Peaceful Mind LLC." I also directed them to contact me if any parcels arrived for delivery to PO Box 653, Fond du Lac, WI 54935. In August, 2015, I received information from the Fond du Lac Post Office that a copy of a label from USPS Priority Mail Express parcel EK702553607US had been received for delivery to PO Box 653, Fond du Lac, WI 54935. I received this label and saw the return address was listed as "PMLLC, PO Box 653, Fond du Lac, WI 54935" while the addressee was listed as "Michael Blount, 3451 N Kingsley Dr, Bloomington, IN 47404." The label also showed that the mailing had been deposited in a mail collection box in Oshkosh, WI 54902. I then contacted the Oshkosh, WI Post Office and directed them to contact me if they received for processing any mailings containing the return address of "PMLLC" or "Peaceful Mind, LLC."

12. On September 11, 2015, I received information from the Oshkosh, WI Post Office that they had received for processing a Priority Mail Express Flat Rate envelope with tracking number EK883560458US that contained a return address of "PMLLC, PO Box 653, Fond du Lac, WI 54935" and was addressed to "Michael Blount, 3451 N Kingsley dr, Bloomington, IN 47404." I directed the Oshkosh Post Office to send the subject mailing to the US Postal Inspection Service office in Oneida, WI. On September 14, 2015, I received Priority Mail Express mailing EK883560458US and noticed the mailing contained a large bulge approximately two inches thick. I also noticed that when the outside of the mailing was squeezed it felt as though it contained a soft, pliable material that made a crunching sound. I determined from the physical characteristics of this mailing that it was consistent with it possibly containing a large quantity of synthetic cannabinoids applied to shredded Damiana leaf.

13. On September 14, 2015, US Magistrate Judge James Sickel, in the Eastern District of Wisconsin, authorized a warrant to search the contents of USPS Priority Mail Express parcel EK883560458US under case number 15-M-689. I executed this warrant on September 14, 2015 at approximately 5:05 PM and found the mailing contained four (4) heat sealed foil bags labeled "Orange 50g," "Blueberry 50g," "Raspberry 50g," and "Cola 50g." I opened the bag labeled "Cola 50g" and saw it contained a green leafy plant material similar in appearance and texture to the Damiana leaf. I also saw that all four of the foil packs had a sticker affixed which read, "NOT intended for human consumption; Does not contain any banned substances-100% 50 state legal; Manufacturer and/or distributor disclaim all responsibilities for product misuse; Must be 18+." In September, 2015, I provided the four foil packs and their contents to the Lake Winnebago Area Metro Drug Task Force (LWAM) for submission to the Wisconsin State Crime Laboratory in order to complete chemical testing on the green leafy plant material. On August 28, 2017, the Wisconsin State Crime Laboratory reported they identified the presence of chemical "Methyl 2-

((1-(4-fluorophenyl)methyl)-1*H*-indazole-3-carbonyl)amino)-3-methylbutanoate, also known as FUB-AMB or MMB-FUBINACA, a synthetic cannabinoid, on the plant material in all four bags. I received information through DEA Special Agent (SA) Steve Curran that the DEA's Drug and Chemical Evaluation Section had identified FUB-AMB as "substantially similar in chemical structure to AB-FUBINACA, a Schedule I controlled substance." DEA further reported that "FUB-AMB is likely to have hallucinogenic effects on the central nervous system that are substantially similar to the Schedule I Controlled Substance, AB-FUBINACA."

14. I learned through an examination of the mailing label affixed to the Priority Mail Express parcel with tracking number EK883560458US that the postage for this mailing was purchased from a USPS self-service kiosk (SSK) in zip code 54902 (Oshkosh, WI) on September 11, 2015. I know from my training and investigative experience as a Postal Inspector that USPS self-service kiosks record the method of payment and collect images of the individual responsible for conducting the transactions. This information is, in part, collected to combat and deter the use of fraudulent or counterfeit methods of payment for postage and to attempt to identify individuals that may use the kiosk to avoid face-to-face contact with a USPS employee to send mail that may contain dangerous, hazardous, or otherwise illegal substances. On September 23, 2015, I received information from USPS records that a VISA credit or debit card account ending in 2474 was used to pay for the postage associated with the subject mailing. I also received two photographs of the individual responsible for conducting the transaction and identified the individual in both photographs as Jason M Felton.

15. On or about November 6, 2015, I received information from the Oshkosh, WI Post Office that they had received for processing a USPS Priority Mail Express parcel with tracking number 9470 1102 0082 9791 6081 63 that contained a return address of "PMLLC, PO Box 653, Fond du Lac, WI 54936-0653" and was destined for delivery to "Michael Blount, 4310 S Old State Road 37,

Bloomington, IN 47401-7415." I queried the tracking history on this parcel and learned it weighed approximately five (5) pounds. I directed the Post Office to process the parcel as usual considering I did not have an opportunity to conduct further investigation on the parcel without a significant delay.

16. During the course of this investigation law enforcement developed information that Jason Felton may be associated with the address 1342 Reed Ave, Oshkosh, WI 54901. On or about August 6, 2015, I received information through USPS records that the last names "Felton" and "Bindert" were believed to be receiving mail at 1342 Reed Ave, Oshkosh, WI 54901. Further, on August 17, 2015, SA Curran conducted surveillance at 1342 Reed Ave in Oshkosh and saw a silver Porsche Boxster with Wisconsin registration 161WMT back out of the driveway at 1342 Reed Ave. Wisconsin Department of Transportation records show this vehicle is registered to Jason M Felton of 563 Evans Drive in Fond du Lac, WI. SA Curran followed the silver Porsche to a Kwik Trip in Oshkosh and saw a white male he identified as Jason Felton exit the vehicle and walk inside the Kwik Trip store. Approximately five (5) minutes after Felton returned to the vehicle and drove away from the Kwik Trip store, SA Curran saw Felton's silver Porsche parked in the garage at 1342 Reed Ave, Oshkosh, WI 54901.

17. After learning of Felton's association with 1342 Reed Ave, Oshkosh, WI, I directed the Oshkosh, WI Post Office to notify me if they received any parcels for delivery to or from 1342 Reed Ave, Oshkosh, WI 54901 that were associated with the name "PMLLC." On December 3, 2015, I received information from the Oshkosh Post Office that they had received a "package pick-up" request via the internet for a five (5) pound USPS Priority Mail Express parcel. The customer identified as having filed the request was "Jason Felton 1342 Reed Ave in Oshkosh, WI 54901, 920-539-6435." On December 3, 2015 at approximately 2:04 PM, SA Curran and I observed Jason M Felton provide a USPS mail carrier with a parcel containing Priority Mail Express

tracking number 4204 7401 9470 1102 0088 2823 4167 16. I saw this parcel contained a computer generated shipping label from endicia.com, was addressed to "Michael Blount, 4310 S Old State Road 37, Bloomington, IN 47401-7415," and contained the return address, "PMLLC, PO Box 653, Fond du Lac, WI 54936-0653, 973-771-5827." I also noticed the parcel exhibited a strong fruity odor. I know from my involvement in this investigation that the name "Michael Blount" is listed as the addressee on several parcels containing the return address of PMLLC, PO Box 653, Fond du Lac, WI including a parcel that was found to contain a green leafy material with the presence of FUB-AMB, a Schedule I Controlled Substance analogue.

18. On December 3, 2015, US Magistrate Judge James Sickel, in the Eastern District of Wisconsin, authorized a warrant under case number 15-M-722 to search Priority Mail Express parcel 4204 7401 9470 1102 0088 2823 4167 16. I executed this warrant on December 3, 2015 at approximately 4:47 PM and found the parcel held nine (9) ziplock bags that each contained a green leafy plant material similar in appearance and texture to shredded Damiana leaf. I saw the bags were labeled "Blueberry," "Banana," "Strawberry," "Orange," "Original," "Raspberry," "Apple," and "Bubble Gum." The total approximately weight of the nine (9) bags was 1,221.2 grams. Each of the bags contained a sticker which read "NOT intended for human consumption; Does not contain any banned substances-100% 50 state legal; Manufacturer and/or distributor disclaim all responsibilities for product misuse; Must be 18+." The green plant material contents of the nine (9) bags were analyzed by the Wisconsin State Crime Lab and, on August 28, 2017, they identified the presence of Methyl(1-(4-fluorobenzyl)-1$H$-indazole-3-carbonyl)-L-valinate, also known as MMB-FUBINACA, FUB-AMB, or AMB-FUBINACA, an analogue of Schedule I Controlled Substance, AB-FUBINACA.

19. On December 4, 2015, SA Curran and I conducted a post-Miranda interview of Jason Felton at the Oshkosh Police Department. Felton said he began using synthetic cannabinoids in or about

2011 when he was placed on probation for an arrest related to the manufacture/delivery of non-narcotics. He was concerned his use of marijuana would be detected during his Court ordered random drug testing and learned from an acquaintance that synthetic cannabinoids would not be detected through a urinalysis. In or about 2013, Felton decided to sell synthetic cannabinoids and began selling locally to friends. He then decided to start selling synthetic cannabinoids via the internet and recruited customers by visiting internet chat rooms and forums. Felton said he sent private messages to potential customers through a Facebook page he established for the purpose of selling the synthetic cannabinoids. He identified the Facebook page as Peaceful Mind LLC.

20. On November 29, 2017, I provided Facebook with a records preservation request pursuant to 18 USC 2703(f), that requested Facebook preserve all subscriber and account content information including messages, photos, videos, timeline posts, and location information related to the following Facebook user account Peaceful Mind LLC for a period of 90 days. On December 19, 2017, Facebook provided information pursuant to a subpoena that identified the account "peaceful.mindllc" as being registered on or about November 8, 2012, and associated with email account jason@peacefulmindllc.com. Facebook also identified the account as active.

21. In my training and experience I have learned that Facebook is an internet social media website and provides a variety of internet based services to the general public. I have learned from training and experience that electronic devices using the internet identify each other by an "internet protocol" (IP) address. I know that these IP addresses can be used to assist law enforcement in locating a particular computer that is or has been on the internet because IP addresses are assigned to particular internet service providers ("ISP"). Therefore, these IP addresses can typically lead the law enforcement officer to a particular ISP and that company can typically identify the subscriber account that was assigned that IP address at any particular time for use in accessing the internet. The ISP typically can, and will, provide account information

(including the identity of the account holder and the billing address, among other things) upon service of a subpoena requesting the same.

22. Further, I know from training and experience that cellular phones are utilized with Facebook as Facebook has a mobile application which synchronizes information from a person's online account to their mobile device. Facebook requires a cell phone which is registered to an account to be verified by the Facebook account owner. I know that the cellular service provider typically can, and will, provide account information (including the identity of the account holder and the billing address, among other things) upon service of a subpoena requesting the same.

23. I am aware that Facebook can be used by people to communicate with other people by private message chats and that records maintained by Facebook may be helpful as it may assist in providing private message chats between Jason Felton and potential buyers and dealers of controlled substances. I am aware that Facebook retains the information such as instant messages, chat messages, and wall posts and that a review of this information may provide investigators with information related to the sale and/or distribution of controlled substances.

## INFORMATION TO BE SEARCHED AND THINGS TO BE SEIZED

24. I anticipate executing this warrant under the Electronic Communications Privacy Act, in particular 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A), by using the warrant to require Facebook to disclose to the government copies of the records and other information (including the content of communications) particularly described in Section I of Attachment B. Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review that information to locate the items described in Section II of Attachment B.

## **CONCLUSION**

25. Based on the facts set forth in this affidavit, I believe probable cause exists to show that the Facebook account peaceful.mindllc@facebook.com that is associated with email account jason@peacefulmind.llc contains the items listed in ATTACHMENT B of this affidavit. This Court has jurisdiction to issue the requested warrant because it is "a court with jurisdiction over the offense under investigation" as defined by 18 U.S.C. § 2711, 18 U.S.C. §§ 2703(a), (b)(1)(A) & (c)(1)(A). Therefore I am seeking the issuance of a warrant to search the contents and records related to this account for the items described in ATTACHMENT B, in violation of Title 21, United States Code, Sections 841(b)(1)(C) and 843(b). Pursuant to 18 U.S.C. § 2703(g), the presence of a law enforcement officer is not required for the service or execution of this warrant.


Matthew B. Schmitz
U.S. Postal Inspector


Subscribed and sworn to before me this _4_ day of January, 2018.


Honorable James R. Sickel
United States Magistrate Judge
Eastern District of Wisconsin

## ATTACHMENT A: PROPERTY TO BE SEARCHED

This warrant applies to information associated with Facebook account peaceful.mindllc@facebook.com, which is associated with email account jason@peacefulmind.llc, that is stored at premises owned, maintained, controlled, or operated by Facebook, headquartered at 1 Hacker Way, Menlo Park, California 94025.

# ATTACHMENT B:  PARTICULAR THINGS TO BE SEIZED

## I.  Information to be disclosed by Facebook

To the extent that the information described in Attachment A is within the possession, custody, or control of Facebook, including any messages, images, videos, records, files, logs, or information that have been deleted but are still available to Facebook or have been preserved pursuant to a request made under 18 U.S.C. § 2703(f), Facebook is required to disclose the following information to the government for the account listed in Attachment A:

      a.      The contents of all private messages associated with the account, including stored or preserved copies of messages sent to and from the account, draft messages, the source and destination accounts associated with each message, the date and time at which each message was sent, and the size and length of each message;

      b.      All records or other information regarding the identification of the account, to include full name, physical address, telephone numbers and other identifiers, records of session times and durations, the date on which the account was created, the length of service, the types of service utilized, the IP address used to register the account, log-in IP addresses associated with session times and dates, account status, alternative e-mail addresses provided during registration, methods of connecting, log files, and means and source of payment for any services used by the account(including any credit or bank account number);

      c.      All records or other information stored at any time by an individual using the account, including "friends" list, searches, linked accounts, private notes, instant chat messages, posts, calendar data, pictures, and files;

      d.      All records pertaining to communications between Facebook and any person regarding the account, including contacts with support services and records of actions taken.

**II.    Information to be seized by the government**

All information described above in Section I that constitutes fruits, evidence and instrumentalities of violations of Title 21, United States Code, Sections 841(b)(1)(C) and 843(b), involving the Facebook account peaceful.mindllc@facebook.com since November 8, 2012, including, for the account or identifier listed on Attachment A, information pertaining to the following matters:

a. Records related to private and/or instant messages made to or from the account including all content of those messages;

b. Records relating to who created, used, or communicated with the account or identifier, including records about their identities and whereabouts;

c. Records or information identifying the "friends" associated with the account, searches made through the account, linked accounts, private notes;

d. Records identifying posts made through the account including any associated images, whether in still photo form or video form.

e. Records identifying any comments or replies to posts made on the account and any comments or posts made from the account to another user's account.

## CERTIFICATE OF AUTHENTICITY OF DOMESTIC

## BUSINESS RECORDS PURSUANT TO FEDERAL RULE OF

## EVIDENCE 902(11)

I, _____, attest, under penalties of perjury under the laws of the United States of

America pursuant to 28 U.S.C. § 1746, that the information contained in this declaration is true and correct. I am

employed by Facebook and my official title is _____. I am a custodian of records for

Facebook. I state that each of the records attached hereto is the original record or a true duplicate of the original

record in the custody of Facebook, and that I am the custodian of the attached records consisting of _____

(pages/CDs/kilobytes). I further state that:

      a.     all records attached to this certificate were made at or near the time of the occurrence of the matter set

forth, by, or from information transmitted by, a person with knowledge of those matters;

      b.     such records were kept in the ordinary course of a regularly conducted business activity of Facebook;

and

      c.     such records were made by Facebook as a regular practice.

I further state that this certification is intended to satisfy Rule 902(11) of the Federal Rules of Evidence.

_____    _____

Date                          Signature